IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZAMPELL REFRACTORIES, INC.,** | : | CIVIL ACTION NO. 1:07-CV-0213 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **BARLOW PROJECTS HARRISBURG, LLC & BARLOW PROJECTS, INC.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 26th day of June, 2007, upon consideration of plaintiff's motion for default judgment (Doc. 7), and it appearing that defendants have not made an appearance in the above-captioned action, see FED. R. CIV. P. 55(b)(2) (providing for notice and a hearing on motion for default only if adverse party has made an appearance), that a default has been entered against defendants for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, see FED. R. CIV. P. 55(a) (providing for entry of default by clerk), that plaintiff's breach of contract claim is for $529,550.40 and is supported by a sworn affidavit, (see Doc. 6, Ex. B); see also FED. R. CIV. P. 55(b) (allowing court to enter judgment by default without hearing if claim is for a "sum certain"), and that defendants' obligation to pay the full amount of the claim arose on May 1, 2006, and simple interest on that amount at the statutory legal rate of six percent per annum totals $33,096.90, see Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988) ("[S]imple interest at the statutory legal rate is recoverable as damages for breach of

contract . . . [w]here the defendant commits a breach of a contract to pay a definite sum of money . . . .") (quoting RESTATEMENT OF CONTRACTS § 337(a) (1937)); see 41 PA. STAT. ANN. § 202 (establishing "legal rate of interest" as six percent per annum); see also FED. R. CIV. P. 55(b) (allowing court to enter judgment by default without hearing if claim is "for a sum which can by computation be made certain"), it is hereby ORDERED that:

1. The motion for default judgment (Doc. 7) is GRANTED.

2. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff and against defendants in the amount of $562,647.30.

3. Costs shall be allowed to plaintiff as the prevailing party and shall be taxed against defendants by the Clerk of Court upon plaintiff's filing of a bill of costs with the Clerk of Court. See L.R. 54.3-54.4; see also FED. R. CIV. P. 54(d)(1).

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge